## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **WACHOVIA MORTGAGE, FSB,** | : | |
| | : | |
| **Plaintiff,** | : | **No. 18-CV-1965 (VLB)** |
| | : | |
| **v.** | : | |
| | : | **December 11, 2018** |
| **PAWEL TOZCEK et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER REMANDING CASE

Before the Court is Plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") Motion to Remand and for Award of Costs and Fees. *See* Dkt. 11. Based on the foregoing, the motion is GRANTED. This action was improperly removed for several reasons. First, this Court lacks subject matter jurisdiction. Although Defendant Aleksandra Toczek ("Defendant") claims this is a matter arising under federal law, the state court complaint reveals no federal question. Therefore, the only basis for jurisdiction is diversity of citizenship under 28 U.S. § 1332(a). However, under 28 U.S.C. § 1441(b)(2), "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendant states in her Notice of Removal that she is a citizen of Connecticut. Therefore, removal based on diversity of citizenship is also improper and the Court lacks subject matter jurisdiction.

Even if the Court had jurisdiction, Defendant's removal was not timely. A notice of removal must be filed within thirty days after service of the summons and complaint or a "copy of an amended pleading, motion, order or other paper from

which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Regardless, even if removal was possible under this section, the Federal Rules further provide that, "A case may not be removed under subsection [28 U.S.C. §1446](b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* at § 1446(c). Plaintiff filed the state action on November 1, 2008. Defendant removed to this Court on December 4, 2018. Removal was not timely and Defendant makes no argument in her removal papers to suggest that it possibly could be.

The Court further finds that remand is proper under the *Rooker-Feldman* doctrine because Defendant removed this state action after judgment entered and thus, this Court could not exercise jurisdiction without improperly reviewing a state court judgment. *See GRP Loan, LLC v. Vaneck*, No. 3:08-CV-375 (WWE), 2008 WL 2902607, at *1 (D. Conn. July 24, 2008) (remanding case under *Rooker-Feldman* where state court history was long and complicated and removal was untimely). Finally, removal is improper because Defendant failed to satisfy the rule of unanimity which requires all defendants to consent to removal. *See Patrick v. Porter-Cable Corp.*, No. 3:10CV131 (MRK), 2010 WL 2574121, at *2 (D. Conn. Apr. 1, 2010) ("The rule of unanimity requires all defendants to consent to removal."). Defendant's ex-husband is also a defendant in the state court action and the Notice of Removal does not indicate that he consented to removal.

Lastly, after a review of the history of the state action, as described in Plaintiff's Memorandum of Law, the Court finds that Defendant lacked a reasonable basis for asserting that this action was removable. Therefore, the Court finds that Plaintiff should be awarded its attorneys' fees and costs under 28 U.S.C. §1447(c) which provides that an order "remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See U.S. Bank Tr., N.A. for Wells Fargo Asset Sec. Corp. v. Walbert,* No. 3:17-CV-00991 (CSH), 2017 WL 3578553, at *5 (D. Conn. Aug. 18, 2017). Plaintiff shall file an application for attorneys' fees and costs within thirty days of the date of this Order which shall include an affidavit itemizing costs and fees as well as supporting the reasonableness of any attorneys' fees sought.

For the reasons set forth above, Plaintiff's Motion to Remand and for Award of Costs and Fees is GRANTED. The Clerk is directed to remand this case to the Connecticut Superior Court, Judicial District of Stamford.

IT IS SO ORDERED.

_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: December 11, 2018.