UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WACHOVIA MORTGAGE, FSB, | : |
| | :    Docket No. 3:18-cv-1965-VLB |
| VS. | : |
| | : |
| TOCZEK, PAWEL, ET AL. | :    January 9, 2019 |

### PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND COSTS

Pursuant to this Court's December 11, 2018 Order Remanding Case (CM/ECF 18), 18 U.S.C. § 1447(c) and Rule 54 of the Federal Rules of Civil Procedure, Substitute Plaintiff, Wells Fargo Bank, N.A. successor-by-merger to Wachovia Mortgage, FSB ("Wells Fargo"), hereby applies for an award of its attorney's fees and costs incurred in moving to remand this action to the Connecticut Superior Court. In support of this application, Wells Fargo submits the supporting Declaration of David M. Bizar with its exhibits.

### BACKGROUND

On December 4, 2018, the morning that Limited-Intervener Defendant Aleksandra Toczek ("Limited Intervener")'s law day set forth in the Superior Court's October 15, 2018 modified judgment of strict foreclosure was set to run, she filed a notice of removal with this Court in an obvious attempt to delay this ten-year old state court foreclosure action. (CM/ECF 1.) Wells Fargo moved to remand the case on December 7, 2018, detailing the long history of this foreclosure case and pointing out that this Court lacked jurisdiction to hear it. (CM/ECF 11.) Wells Fargo also sought an expedited briefing schedule and adjudication of its motion to remand. (CM/ECF 12.)

The case was reassigned to the Hon. Judge Vanessa Bryant on December 10, 2018 (CM/ECF 14), and Wells Fargo filed a notice of filing conformed documents following transfer to comply with this Court's chambers orders. (CM/ECF 17.)  On December 11, 2018, this Court entered its Order Remanding Case, remanding it to the Connecticut Superior Court, Judicial District of Stamford, and stating:

> Lastly, after a review of the history of the state action, as described in [Wells Fargo's] Memorandum of Law, the court finds that [Limited Intervener] lacked a reasonable basis for asserting that this action was removable.  Therefore, the Court finds that [Wells Fargo] should be awarded its attorneys' fees and costs under 18 U.S.C. § 1447(c) which provides that an order "remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."  *See U.S. Bank Tr., N.A. for Wells Fargo Asset Sec. Corp. v. Walbert*, No. 3:17-CV-00991, (CSH), 2017 WL 3578553, at *5 (D. Conn. Aug. 18, 2017).  [Wells Fargo] shall file an application for attorneys' fees and costs within 30 days of the date of this Order which shall include an affidavit itemizing costs and fees as well as supporting the reasonableness of any attorneys' fees sought.

(CM/ECF 18 at 3.)

## ARGUMENT

**I.** *Wells Fargo Is Entitled to the Fees and Costs it Incurred As a Result of Limited Intervener's Improper Removal.*

Title 28, U.S.C., § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  This Court has already determined that Limited Intervener had no reasonable basis for asserting that this ten-year old state court foreclosure action was removable, and that Wells Fargo should be awarded its attorney's fees and costs.

**2**

II.     *Wells Fargo's Fees are Reasonable.*

"To determine whether an application for attorneys' fees is reasonable, the court may consider its 'general knowledge' of the proceedings held before it and of reasonable compensation rates, but that general knowledge may be defeated by countervailing evidence that the amount is unreasonable."  *GEOMC Co. v. Calmare Therapeutics, Inc.*, No. 3:14-cv-1222( VAB), 2018 WL 2390137, at *2 (D. Conn. May 25, 2018).  Courts in this district calculate a reasonable fee award by determining a reasonable hourly rate and multiplying that rate by the reasonable number of hours required for the litigation.  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany and Albany Bd. of Elections*, 522 F.3d 182, 186 (2d Cir. 2008).

It is well-established that a trial court calculating a reasonable attorney's fee makes its determination considering various factors, including (1) the time and labor spent by the attorneys, (2) the novelty and complexity of the legal issues, (3) fees customarily charged in the same locality for similar services, (4) the lawyer's experience and ability, (5) relevant time limitations, (6) the magnitude of the case and the results obtained, (7) the nature and length of the lawyer-client relationship, and (8) whether the fee is fixed or contingent.  *Schoonmaker v. Lawrence Brunoli, Inc.*, 265 Conn. 201, 259 (2003) (citing Rule 1.5(a) of the Rules of Professional Conduct).  A reasonable hourly rate is determined by the prevailing market rate.  *Schuman v. Aetna Life Ins. Co.*, 2017 WL 2662191, at *8 (D. Conn. June 20, 2017).  The court may, however, award out-of-district fees to

attorneys from outside Connecticut if a reasonable, paying client would have retained out-of-district counsel.  *Id.*

### A. Time Spent Drafting and Filing Motion to Remand.

As set forth in the attached Declaration of David M. Bizar, Wells Fargo incurred $15,471.40 in attorney's fees for time spent drafting and filing the motion to remand, memorandum in support, motion for expedited review and related filings, and for making conformed filings once this case was reassigned to Judge Bryant.  Counsel spent a total of 26.6 hours on the above filings, which was reasonable, particularly given the long and complex history of the case, which required the preparation and filing of hundreds of pages of exhibits on which a paralegal spent a total of 16.0 hours.  Counsel's time spent researching the various arguments as to why the Court lacked jurisdiction to hear the case was also reasonable and necessary.  The motion for expedited review was also necessary, given the potential for delay in the state court proceedings caused by Limited Intervener's improper removal.  Accordingly, the Court should award Wells Fargo $15,471.40 in attorney's fees for time spent drafting and filing the motion to remand, memorandum in support, motion for expedited review, and related filings.

### B. Counsel's Rates Are Reasonable.

The rates charged by Wells Fargo's counsel are also reasonable.  As set forth in the attached declaration, Wells Fargo's counsel, Attorney Bizar, has over 19 years of experience litigating consumer financial cases in this Court and Connecticut state courts, and has been a practicing attorney for 24 years. Counsel's hourly fees are within the range of fees found reasonable by other

4

judges within this district.  *See, e.g., Barati v. Metro-North R.R. Co.*, 939 F. Supp. 2d 153, 156 (D. Conn. 2013) (awarding rate of $525 per hour in 2013); *In re Aggrenox Antitrust Litig.*, 2017 WL 4679228, at *8 (D. Conn. Oct. 18, 2017) (awarding rate of $500.50 per hour); *Goff v. Chivers*, 2017 WL 2896022, at *2 (D. Conn. July 7, 2017) (finding rate of $500 per hour to be reasonable).  Moreover, in *Wells Fargo Bank, NA v. Konover*, No. 3:05CV1924 AWT, 2014 WL 3908596, at *3 (D. Conn. Aug. 8, 2014), the *Tymetrix 2012 Real Rate Report* was utilized in determining the reasonableness of the hourly rates sought in comparison to similarly experienced attorneys throughout the state.  "[T]he Tymetrix Report 'notes that the third quartile rates for attorneys with more than 21 years of experience is $621.14 in Bridgeport and $500.00 in Hartford.'"  *Konover*, 2014 WL 3908596 at *9.

Wells Fargo's litigation counsel has established that they have the proven skills and experience to justify their rates.  Attorney Bizar has served as Wells Fargo's lead litigation counsel for this foreclosure case and its multiple appeals since 2014.  As described in greater detail in his biography attached as <u>Exhibit A</u> to the Declaration of David M. Bizar, Mr. Bizar is a partner in the Boston office of Seyfarth Shaw LLP ("Seyfarth").  Mr. Bizar founded and chairs Seyfarth's Consumer Financial Services Litigation practice group and represents banks and financial institutions in high-stakes disputes in courts and before government authorities challenging the legality of their products and services, corporate

5

practices and regulatory adherence.[1]  He has defended numerous class actions, government investigations and enforcement proceedings, and individual cases with systemic exposure for national banks and federal savings associations, mortgage lenders and servicers, manufacturer and third party automotive finance companies, credit card issuers, short-term lenders, and national retailers.  Mr. Bizar is recognized as a preeminent litigator in the field of consumer financial services law.  He is a Fellow of the American College of Consumer Financial Services Lawyers and previously co-chaired the Litigation and Arbitration Subcommittee of the Consumer Financial Services Committee of the American Bar Association.  Financial institutions frequently retain Mr. Bizar to litigate to judgment and through appeal important issues of first impression.  Mr. Bizar and members of the team of lawyers that he supervises have represented Wells Fargo and its predecessors-in-interest, Wachovia Mortgage, FSB, World Savings Bank, FSB and others, for more than ten years.

Attorney J. Patrick Kennedy is a senior counsel at Seyfarth and a member of the Consumer Financial Services Litigation practice group.  He regularly

---

[1] With respect to one of the primary billing attorneys, the *Konover* court specifically noted that he, like Mr. Bizar, founded the relevant practice group and had several decades of experience litigating these issues.  *Konover*, 2014 WL 3908596, at *8 ("[T]he particular value he brought to the representation was his expertise in creditor's rights disputes and real estate litigation matters. It is undisputed that [the primary billing attorney] founded the corporate insolvency practice at a major Connecticut law firm in the early 1970s, and has spent over 40 years litigating cases involving fraudulent transfers, judgment avoidance, and issues of corporate insolvency.  Thus, the relative relationships of the two primary billing attorneys to Wells Fargo, although different, each favor a finding that higher billing rates for their work are reasonable, particularly in view of the deep understanding of the legal and factual issues plaintiff's counsel, working in tandem, demonstrated.").

6

represents consumer bank and financial services companies in high-stakes disputes in court and before government agencies challenging the legality of their products and services, corporate practices and regulatory adherence. He has represented Wells Fargo in this case and two related state court foreclosure actions since January 2016.  See **Exhibit B** to Declaration of David M. Bizar.

Accordingly, Wells Fargo requests that the Court find Wells Fargo's counsel's fees to be reasonable and award the total amount requested.

Dated:  January 9, 2019

Respectfully submitted,

SUBSTITUTE PLAINTIFF,
WELLS FARGO BANK, N.A.,


*/s/ David M. Bizar*
David M. Bizar (ct20444)
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone:  (617) 946-4874
Facsimile:  (617) 790-5368
Email:  dbizar@seyfarth


### CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2019 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

 */s/ David M. Bizar*
David M. Bizar