UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **WACHOVIA MORTGAGE, FSB,** | : | |
| | : | |
| Plaintiff, | : | No. 3:18-CV-1965 (VLB) |
| | : | |
| v. | : | |
| | : | July 26, 2019 |
| **TOCZEK ET AL,** | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

### MEMORANDUM OF DECISION ON APPLICATION FOR ATTORNEYS' FEES

On December 11, 2018, this Court granted Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Plaintiff") Motion to Remand and Award of Costs and Fees. The Court remanded this case to the Connecticut Superior Court and ordered that Defendant Aleksandra Toczek ("Toczek" or "Defendant") pay Plaintiff's attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Plaintiff timely filed its Application for Attorneys' Fees as directed by the Court. Plaintiff requests $18,166.80 for attorneys' fees incurred in connection with its Motion to Remand.[1] For the foregoing reasons, the Court declines to award the full amount requested by Plaintiff and directs Defendant to pay $9,891.50.

### Background

On December 4, 2018, Defendant, appearing *pro se*, filed a Notice of Removal removing from the Connecticut Superior Court, Judicial District of Stamford, a

---

[1] Plaintiff's Application for Attorneys' Fees requests $15,471.40 and Plaintiff's reply requests $2,695.40. Plaintiff's counsel did not incur any costs in connection with the Motion to Remand.

foreclosure action brought against her by Plaintiff.  [Dkt. 1 (Notice of Removal)]. On December 7, 2018, Plaintiff filed a Motion to Remand.  [Dkt. 11 (Mot. to Remand to State Court)]. That same day, Plaintiff also filed an Emergency Motion for Expedited Review of Plaintiff's Motion to Remand and For Award of Costs and Fees.  [Dkt. 12 (Emergency Mot. for Expedited Review)].   On December 11, 2018, this Court granted the Motion to Remand, remanding this case to the Connecticut Superior Court, and ordered Defendant to pay Plaintiff's attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).  Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award may be made without a showing of bad faith or frivolity, and deciding whether to make the award requires consideration of the overall nature of the case, circumstances of the remand, and effect on the parties. See *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992). Specifically, the Court found that based on the extensive history of the state action, spanning ten years, Defendant had no reasonable basis to remove this action to federal court.

On January 9, 2019, Plaintiff filed its Application for Attorneys' Fees ("Application") as directed by the Court.  Plaintiff requests $15,471.40 for 43.1 hours of work performed by Attorneys David Bizar and J. Patrick Kennedy and Paralegal William Lugo. [Dkt. 20 (Pl.'s Application for Attorneys' Fees)]. Defendant's deadline to respond to the fee application was January 21, 2019. [Dkt. 18 (Order Remanding Case)].   Defendant filed an untimely objection on January

30, 2019.[2]  Defendant argued that Plaintiff's attorneys' fees are unreasonable, because (1) Plaintiff was not justified in retaining out-of-district counsel, (2) Plaintiff's counsel relied on research and caselaw from previous filings in other cases, and (3) Plaintiff's counsel's time on the moot Motion to Expedite is not compensable because it was denied as moot.  [Dkt. 22 (Def.'s Obj.) at 3-5].  On February 11, 2019, Plaintiff filed its reply to the objection and requested an additional $2,695.40 for 5.6 hours of work performed by Attorneys Bizar and Kennedy to defend its Application. [Dkt. 23 (Pl.'s Reply to Def.'s Obj.)].

## Legal Standard

A reasonable attorney's fee is determined by "setting a reasonable hourly rate, taking account of all case-specific factors." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 188 (2d Cir. 2007). A presumptively reasonable attorney's fee is the product of a reasonable hourly rate and the number of hours expended. *Id.*  In adjusting the presumptively reasonable fee, the Court considers an attorney's experience, reputation, and ability; the time, labor and skill required; the novelty and complexity of legal issues posed; and awards in similar cases, among other factors.  *Id.* at 186 n.3.

Generally, a reasonable hourly rate is comparable to prevailing rates for attorneys of similar skill, experience and reputation in the local community.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).  Although an attorney's specialized

---

[2] The Court need not consider Defendant's untimely objection despite the accommodations generally afforded *pro se* litigants.  *See Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) (finding that "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them").  Nevertheless, the Court will address Plaintiff's arguments herein.

experience warrants a higher hourly rate, parties are not reimbursed for hiring costly counsel for simple matters. *See Frontier Park Co., LLC v. Contreras*, 35 F. Supp. 3d 264, 273-74 (E.D.N.Y. 2014) (finding prevailing rates of up to $450, but reducing partner's rate to $300 for simple response to multiple defects in defendant's removal petition). Recent decisions set the prevailing rate for experienced attorneys handling complex civil litigation at between $400 and $500 and the upper-limit for paralegals at $150. *See e.g.*, *GEOMC Co. v. Calmare Therapeutics, Inc.*, No. 3:14-cv-1222 (VAB), 2018 WL 2390137, at *5-6 (D. Conn. May 25, 2018) (awarding $500 and $425 rate to named partners at in-district firm and $150 for senior paralegals at another firm reasonably retained at higher than in-district rates); *Lavatec Laundry Tech. GMBH v. Voss Laundry Sols.*, No. 3:13-cv-00056 (SRU), 2018 WL 2426655 (D. Conn. Jan. 9, 2018) (awarding $472.50 hourly to named partner with 29 years of experience in complex federal litigation).

In determining whether the claimed hours are reasonable, the Court "does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally." *DiFilippo v. Morizio*, 759 F.2d 231, 235-36 (2d Cir. 1985). To receive an attorney's fee award, counsel must submit contemporaneous time records specifying the date, hours expended, and nature of the work done by each attorney. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). If the hours are too excessive or vague for the Court to assess their reasonableness, the total number of hours may be reduced by a percentage or a fixed amount. *See Doe v. E. Lyme Bd. of Educ.*, No. 3:11-cv-291 (JBA), 2019 WL 1397455, at *8-9 (D. Conn. Mar. 27, 2019)

(reducing time researching special education law by 20% in light of counsel's expertise in special education law); *U.S. Bank Trust, N.A. v. Walbert*, No. 3:17-cv-00991 (CSH), 2017 WL 4613192, at *5 (D. Conn. Oct. 16, 2017) (eliminating time for "Emails to and from D. Bizar regarding [redacted]," or "review of file" for vagueness).  Between twenty and thirty hours of work is typically awarded under 28 U.S.C. 1447(c).  *See e.g., id.* (22.5 hours); *Kahlon v. Yitzhak*, 270 F. Supp. 3d 583 (E.D.N.Y. 2017) (reducing hours spent on motion to remand from 49.40 to 32.61).

## Analysis

In determining a reasonable fee award to Plaintiff, the Court will consider the reasonableness of the hourly rate sought by Plaintiff and the hours expended in response to the Notice of Removal.  As explained above, Plaintiff seeks $18,166.80 for 48.7 hours of work performed by Attorney David Bizar, Attorney J. Patrick Kennedy, and Paralegal William Lugo.

### A. Reasonable Hourly Rate

Plaintiff claims hourly rates of $551 for Attorney Bizar and $420 for Attorney Kennedy.  Attorney Bizar is a partner at the Boston law firm Seyfarth Shaw LLP with 25 years of experience. [Dkt. 21 (Decl. D. Bizar Att'ys' Fees) Ex. A].  Attorney Kennedy is Senior Counsel at the same firm with 26 years of experience. [Dkt. 21 Ex. B].  Both attorneys specialize in consumer finance litigation. [Dkt. 21 Ex. A, B]. Plaintiff does not rebut the presumptive reasonableness of an in-district rate. Defendant argues that Attorneys Bizar's and Kennedy's rates should be reduced to match Plaintiff's in-district counsel in state court, but does not propose an exact hourly rate. [Dkt. 22 at 5].  Thus, the Court evaluates the reasonableness of the claimed rates against prevailing in-district rates of $400-500.

Attorneys Bizar and Kennedy's hourly rates are excessive as compared to prevailing in-district rates. In a recent case, Attorney Bizar and a junior associate were awarded an hourly rate of $425 and $250 respectively for responding to a defective removal petition.[3] *Walbert*, 2017 WL 4613192, at *4 (ordering *pro se* defendant to pay $6,398 for improper removal). The Court recognizes that the Plaintiff's attorneys are highly qualified and that the procedural history of the case was lengthy and complex. [Dkt. 11 at 3-15]. Nevertheless, the grounds for remand of the case were straightforward and did not warrant retaining costly counsel. *See Frontier Park*, 35 F. Supp. 3d 272. The simple grounds for removal also did not require two senior attorneys with over 50 years combined experience. Indeed, in similar matters Plaintiff's counsel used a partner and a junior associate. Accordingly, the Court awards Attorney Bizar a reasonable hourly rate of $425 per hour and Attorney Kennedy $250 per hour. The Court also reduces Mr. Lugo's hourly rate of from $195 to $140, in accordance with in-district rates for paralegals. *See GEOMC Co.*, 2018 WL 2390137, at *6.

B.  Hours Expended

*Original Application for Attorneys' Fees*

In its initial application, Plaintiff's counsel claims 43.1 hours of work in connection with Defendant's Notice of Removal: 7.4 for Attorney Bizar, 19.7 for Attorney Kennedy; and 16 for Mr. Lugo. [Dkt 21 at 3]. For a motion to remand,

---

[3] Plaintiff asserts that in *Wells Fargo Bank, N.A. v. Vollenweider*, its fee application was granted in full for $10,653.00 based on Attorney Bizar's hourly rate of $551. [Dkt. 23 (Pl.'s Reply), at 3]. A review of Plaintiff's Motion for Attorneys' Fee in *Vollenweider* reveals that Plaintiff in fact requested $14,024.40. No. 18-cv-00908 (D. Conn. Aug. 23, 2018), ECF No. 18. The Court cannot determine whether the reduction was based on a reduction in hourly rate or hours expended from the record in *Vollenweider*.

courts typically award fees for approximately twenty to thirty hours. *See e.g.*, *Walbert*, 2017 WL 4613192, at *5 (22.5 hours); *Conn. Hous. Fin. Auth. v. Eno Farms Ltd. P'ship*, Civ. No. 3:07-cv-319 (AHN), 2007 WL 1670130, at *7 (D. Conn. June 6, 2007) (finding 28.3 hours reasonable to contest "cryptic shifting argument for removal jurisdiction"). Plaintiff asserts that the complex history of the case and voluminous accompanying exhibits justified the substantial amount of time expended by its legal team. [Dkt. 20 at 4]. Defendant argues that the attorneys' fees should be significantly reduced because counsel used research and caselaw from similar motions to remand filed in this District and reproduced the case history from documents filed in state court. [Dkt. 22 at 3-4]. Further, Defendant argues that time billed for the emergency motion to expedite should not be reimbursed because the motion was ultimately moot. [Dkt. 22 at 2].

The Court first considers the hours expended by Attorneys Bizar and Kennedy. The account of the unique history of the present action in the motion to remand was reasonably calculated to demonstrate the frivolity of Defendant's removal. *See* [Dkt. 11]. In addition, Plaintiff reasonably sought speedy resolution of the removal by filing its emergency motion to expedite. *See Doe*, 2019 WL 1397455, at *9 (awarding fees for statement required by local rules which plaintiff could not know would be rendered unnecessary). Despite these additional hurdles, the attorneys expended reasonable time—4.8 hours for Attorney Bizar and 14.7 for Attorney Kennedy—drafting and revising the motions and associated memoranda. *See Walbert*, 2017 WL 4613192, at *4 (awarding Attorney Bizar 4.8 hours and junior associate 16.2 hours in researching, drafting and revising motion to remand and

supporting memorandum). Thus, the Court awards 14.7 hours to Attorney Kennedy and 4.9 hours to Attorney Bizar for drafting the motions to remand and expedite.

However, the Court declines to award Attorney Kennedy fees for 2.1 hours expended in review of chambers' practices in preparation for filing motions at his $250 rate. Administrative work more suited to a paralegal shall be compensated instead at the paralegal rate of $140 per hour.  *See Nicaisse v. Stephens & Michaels Assocs., Inc.*, No. CV 14-1570 (JS)(GRB), 2016 WL 4367222, at *8 (E.D.N.Y. June 9, 2016) (applying paralegal rate to lawyer for tasks such as electronic filing).

The Court further declines to award fees for 2.3 hours of redacted communication-related time entries, such as "Telephone conferences with P. Kennedy regarding [redacted]." [Dkt. 21-3 at 4].  Such entries are too vague for the Court to evaluate their reasonableness. *See Walbert*, 2017 2017 WL 4613192, at *5. However, the Court grants fees for 0.7 hours of Attorney Bizar's communications where they were recorded in sufficient detail, such as "Receive and review notice of case transfer to Judge Vanessa Bryant and related telephone conference with P. Kennedy regarding [redacted]."  [Dkt 21-3 at 8].

Next, the Court considers 14.2 hours billed by Mr. Lugo for "draft[ing]" exhibits; checking citations; preparing, filing and serving documents in compliance with chambers' practices; and analyzing local civil procedure and filing rules. [Dkt. 21-3]. The Court acknowledges that 564 pages of exhibits were filed with Plaintiff's Motion to Remand.  [Dkt. 11].  Nevertheless, in *Vollenweider*, Attorney Bizar's team billed no hours in connection with preparing, filing or serving 485 pages of exhibits with Plaintiff's Motion to Remand.  No. 18-cv-00908, ECF No.

7. Mr. Lugo's hours are excessive given his firm's involvement in similar cases in this district and the time necessary to prepare and file documents. *See id.*; *DiFilippo*, 759 F.2d 235-36. Accordingly, the Court reduces Mr. Lugo's hours by 50%. Moreover, given the attorneys' expertise and the firm's relationship with Wells Fargo, standard forms such as the appearance and corporate disclosure forms should not take roughly an hour to prepare and file. [Dkt. 21-3]. Thus, the Court reduces by 50% the 0.9 hours expended on the appearance form and the 1.3 hours on the corporate disclosure form by the attorneys and Mr. Lugo. *See Doe*, 2019 WL 1397455, at *8.

### *Additional Fees for Preparing Reply to Objection*

Plaintiff requests fees for an additional 5.6 hours spent by Attorneys Bizar and Kennedy preparing its reply to Defendant's objection. [Dkt. 23]. A plaintiff is generally entitled to time spent preparing the fee application. *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999). Here, Plaintiff's reply was an appropriate response to Defendant's accusation of bad faith conduct, and Plaintiff's hours are reasonable, especially given its decision not to seek fees for preparing the original application. [Dkt. 23 at 1, 5]; *see Dixon v. A Better Way Wholesale Auto, Inc.*, Civil No. 3:15-CV-691(AWT), 2017 WL 4876216 (D. Conn. Oct. 27, 2017) (approving 5.6 hours for reply emphasizing frivolity of defendant's objections to attorney's fees).

In total, the Court grants Plaintiff's legal team fees for 38.2 hours of work in relation to Defendant's Notice of Removal. The 29.9 hours awarded to Attorneys Bizar and Kennedy and Mr. Lugo for preparing and filing the motion to remand and motion to expedite are within the range generally awarded for such motions.

*Walbert*, 2017 WL 4613192, at *4 (21 hours for researching, drafting, revising motion to remand); *Kahlon*, 270 F. Supp. 3d 592 (32.61 for researching, drafting, revising motion to remand).

### C. Calculation of Fee

Based upon the Court's adjusted hourly rate and adjusted number of hours, Plaintiff is awarded $9,891.50 in attorneys' fees, calculated as follows:

| | Hours Claimed | Hours Denied | Hours Awarded | Hourly Rate | Fee Awarded |
|---|---|---|---|---|---|
| **Motion to Remand; Motion to Expedite; Supporting Memoranda and Exhibits** | | | | | |
| Bizar | 4.9 | 0 | 4.9 | $425 | $2,082.50 |
| Kennedy | 17.9 | 2.1 | 15.8 | $250 | $3,950.00 |
| | | | 2.1 | $140 | $294.00 |
| Lugo | 14.2 | 50% | 7.1 | $140 | $994.00 |
| **Communications** | | | | | |
| Bizar | 1.9 | 1.2 | 0.7 | $425 | $297.50 |
| Kennedy | 1.1 | 1.1 | 0 | $250 | $0.00 |
| **Review and Analysis of Court Documents** | | | | | |
| Bizar | 0.4 | 0 | 0.4 | $425 | $170.00 |
| Kennedy | 0.5 | 0 | 0.5 | $250 | $125.00 |
| **Appearance Form** | | | | | |
| Bizar | 0.2 | 50% | 0.1 | $425 | $42.50 |
| Lugo | 0.7 | 50% | 0.35 | $140 | $49.00 |
| **Corporate Disclosure Statement** | | | | | |
| Kennedy | 0.2 | 50% | 0.1 | $250 | $25.00 |
| Lugo | 1.1 | 50% | 0.55 | $140 | $77.00 |
| **Reply in Support of Application** | | | | | |
| Bizar | 2.2 | 0 | 2.2 | $425 | $935.00 |
| Kennedy | 3.4 | 0 | 3.4 | $250 | $850.00 |
| | | | | Total: | $9,891.50 |

### Conclusion

For the foregoing reasons, the Court finds that Plaintiff is entitled to $9,891.50 in attorneys' fees constituting 38.2 hours of work reasonably performed as a result of Defendant's removal of this action. Defendant is ordered to transmit to Plaintiff the amount of $9,891.50 within forty-five days of the date of this Order.

IT IS SO ORDERED.

*Vanessa Lynne Bryant* Vanessa Bryant
2019.07.26 12:06:00 -04'00'

**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: July 26, 2019.**