**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **WACHOVIA MORTGAGE, FSB** | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:18-CV-1965 (VLB) |
| | : | |
| **ALEKSANDRA TOCZEK ET AL,** | : | |
| *Defendants.* | : | December X, 2019 |

## RULING ON MOTION FOR RECONSIDERATION [Dkt. 26]

Before the Court is Defendant Aleksandra Toczek's ("Toczek") Motion for Reconsideration of the Court's Order awarding Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") $9,891.50 in attorneys' fees. [Dkts. 25 (Order on Attys' Fees), 26 (Mot. for Recon.)]. The Court DENIES the motion.

In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see* D. Conn. L. R. 7(c) (requiring the movant to file along with the motion for reconsideration "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked").

There are three grounds for granting a motion for reconsideration: (1) "intervening change of controlling law"; (2) "the availability of new evidence"; or (3) a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18

C. Wright, A. Miller & E. Cooper, *Fed. Practice & Procedure*, § 4478 at 790). If the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion," reconsideration is appropriate. *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (per curium). However, a motion for reconsideration should be denied when the movant "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *Patterson v. Bannish*, No. 3:10-cv-1481 (AWT), 2011 WL 2518749, at *1 (D. Conn. June 23, 2011) (same).

Toczek argues that the Court granted an unreasonably high attorneys' fee award for three reasons: First, it overestimated counsel's expended hours because it failed to consider that Wells Fargo's counsel used "cut and paste work" from other cases and from other motions in the same case. *E.g.* [Dkt. 26 at 5]. Second, the Court awarded fees for Wells Fargo's reply, even though the Court did not find that Toczek's objection wholly lacked substance or merit. *Id.* at 6-7. Third, the Court did not carefully consider Toczek's timely filed objection. *Id.* at 8-9. Toczek does not argue that there was an intervening change in law, or that new evidence has become available. *Ibid.*

After reviewing Toczek's arguments, the Court finds that none of them provide grounds for granting her motion for reconsideration, as it has already decided each. As to Toczek's first argument, the Court did consider the fact that Wells Fargo's counsel used research and case history from other cases and other motions in the same case in determining the hours it awarded. The Court cited Wells Fargo's counsel's "involvement in similar cases in this district," as well as "the firm's relationship with Wells Fargo" as reasons to reduce the reasonable

hours awarded in drafting exhibits, checking citations, and preparing corporate disclosure and appearance forms. [Dkt. 25 at 8-9]. n the same sub-section, Toczek alleges that Wells Fargo's counsel misrepresented the number of hours they spent on this case, but does not provide any evidence other than that the reported number of hours is too high. [Dkt. 26 at 4-5]. Since Toczek does not introduce any new evidences in support of this new allegation, the Court does not give it weight.

As to Toczek's second point, the Court finds that it considered the appropriateness of awarding fees for a reply in its original Order. [Dkt. 25 at 9]. While the Court did find merit in some of Toczek's objections to Wells Fargo's requested reward, the Court found that her accusation of bad faith was frivolous and Wells Fargo's reply therefore merited attorneys' fees. *Ibid.* (citing *Dixon v. A Better Way Wholesale Auto, Inc.*, Civil No. 3:15-CV-691(AWT), 2017 WL 4876216 (D. Conn. Oct. 27, 2017)). Moreover, as a plaintiff is generally entitled to time spent preparing the fee application, and Wells Fargo had not sought fees for preparing its initial motion, awarding fees for the reply was not excessive. *Ibid.* (citing *Weyant v. Okst*,198 F.3d 311, 316 (2d Cir. 1999).

Finally, Toczek argues that, "to the extent the Court did not consider fully or at all Defendant's objection on the basis that he objection was untimely the court should fully consider… Defendant's objection in its entirety." But, regardless of the timeliness of Toczek's objection, the Court did consider and address it, as stated in the original Order and has been demonstrated throughout this Order. [Dkt. 25 at 3 n.2].

Therefore, the Court finds that it has not overlooked any of the issues raised by Toczek but has instead considered and decided them. Reconsideration is not available to relitigate already decided issues. Therefore, the Court DENIES the motion for reconsideration. Tockzek is once again ordered to transmit to Wells Fargo the amount of $9,891.50 within forty-five days of the date of this Order.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: December x, 2019.